## THE STATE v. STUCKER.

1. **Intoxicating Liquors:** LAW CONSTITUTIONAL. Section 1555, Code, must be regarded as a police regulation and not in any just sense a regulation of commerce, or as contravening article I, section 8, of the Constitution of the United States regulating commerce. After a statute has been enforced, both in the civil and criminal courts for a long period, it will not be held repugnant to the constitution, unless its unconstitutionality is so obvious as to admit of no doubt.

2. ———: ———: POWERS OF STATE. The State, as a police regulation, may prohibit the sale of one kind of intoxicating liquor and allow the sale of another kind, and the prohibition of wines made from fruits grown in other States, is no invasion of the privileges and immunities of the citizens of those States, and not repugnant to article IV, section 2 of the Constitution of the United States.

*Appeal from Fremont District Court.*

WEDNESDY, JUNE 7.

THE defendant was indicted for keeping and maintaining a place where intoxicating liquors were sold contrary to law. Upon a trial he was found guilty, and he appeals.

*Wynn & Wynn*, for appellant.

*Smith McPherson, Attorney-general*, for the State.

ROTHROCK, J.—The court instructed the jury to the effect that the term intoxicating liquors, as it is used in the statute, includes all spirituous, alcoholic and vinous liquors, except beer, and excepting also cider and wine manufactured from fruits grown in this State, which two last named liquors may be lawfully sold by any person. And where it is shown that one accused of unlawful sales has sold wine, the burden is on him to show that such wine was manufactured from fruit grown in this State.

It is contended by counsel for appellant that section 1555 of the Code, upon which the instructions of the court are based,

is in contravention of the following provisions of the Consti-
tution of the United States, viz.: That part of section 8, arti-
cle I, which provides that Congress shall have power "to reg-
ulate commerce with foreign nations and among the several
States." Article IV, section 2: "The citizens of each State
shall be entitled to all the privileges and immunities of the
citizens of the several States."

The argument is, that this statute is void because it pro-
hibits the sale of wine made from fruits grown outside of this
State and permits the sale of wine made from fruits grown
within this State, and thereby discriminates against the pro-
ducts of other States.

The act for the suppression of intemperance, which was
passed by the General Assembly of this State in 1855, and
which in its general features has been in force from that time
to the present, was declared to be a valid enactment in the
case of *Santo v. The State*, 2 Iowa, 165. It is true that this
provision of the law was not involved in that case, but it has
been in force as part of the prohibitory liquor laws since the
year 1858, and has been enforced and approved in many cases,
both civil and criminal, in the courts of this State. After so
long a period, and after the statute in question has been so
frequently enforced and its provisions so often applied in the
regulation of the conduct of the inhabitants of the State, the
familiar rule that a statute will not be held to be void as re-
pugnant to the Constitution either of the State or of the
United States, unless its unconstitutionality is so obvious as
to admit of no doubt, comes to us in all its force.

The constitutionality of laws regulating and prohibiting
the sale of intoxicating liquors, has been so often upheld by
the courts of last resort in this country, both State and Fed-
eral, that we need not stop here to cite the cases. Laws of
this character are regarded as police regulations, established
by the legislature for the prevention of intemperance, pauper-
ism and crime, and for the abatement of nuisances, and are
not thought to be in any just sense a regulation of commerce.

In *License Cases*, 5 Howard, 504, it is said: "The acknowledged police power of a State extends often to the destruction of property.' A nuisance may be abated. Everything prejudicial to the health or morals of a city may be removed. Merchandise from a port where a contagious disease prevails, being liable to communicate the disease, may be excluded, and in extreme cases it may be thrown into the sea. This comes in direct conflict with the regulation of commerce, and yet no one doubts the local power. It is a power essential to self-preservation, and exists necessarily in every organized community." It is further said that these exceptions are not regulations of commerce, but acts of self-preservation; and although they affect commerce to some extent, yet such effect is the result of an undoubted power in the State.

It is very clear that if the regulation or prohibition of the sale of intoxicating liquors is a police power, which may be exercised by the State and without interfering with the prerogative of Congress to regulate commerce among the States, the act in question is not repugnant to article I, section 8 of the Federal Constitution. Counsel for appellant cites *Ward v. Maryland*, 12 Wal., 418; *Welton v. Missouri*, 91 U. S., 275, and other cases in the same court, which hold that a license tax cannot be laid upon the sale of the products of other States while the same products within the State are exempted. These cases are founded upon a different principle. They treat of regulations of commerce· proper, and not with mere police regulations.

II. If the State has the power as a police regulation to prohibit the sale of intoxicating liquors, it may, in its discretion, prohibit the sale of one kind of liquor and allow the sale of another kind. It may say that certain wines may not be sold, and that certain other wines may be sold. Because the sale of all things which may be deleterious to the public is not prohibited, is no good reason why the sale of such as are prohibited, is invalid. And because the sale of wines manufactured from fruit grown in

this State is allowed, and the sale of wines manufactured from fruit grown in Illinois is prohibited, is no invasion of the " privileges and immunities of citizens of" Illinois; because this State in the exercise of its police authority has the power to determine what kind of intoxicating liquors it will prohibit the sale of, and what kind it will allow.

We think it is plain that the section of the statute under consideration is not repugnant to article IV, section 2 of the Federal Constitution.

AFFIRMED.